THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EDWARD CARL BAPTIST, Defendant-Appellant.

Third District   No. 3—86—0660

Opinion filed May 5, 1988.

E. Joyce Randolph, of State Appellate Defender's Office, of Mount Vernon, for appellant.

William Herzog, State's Attorney, of Kankakee (Gerald P. Ursini, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Defendant Edward Carl Baptist was convicted of murder in 1982 following a jury trial in the circuit court of Kankakee County and was sentenced to life imprisonment. The conviction and sentence were affirmed upon direct appeal to this court. On June 3, 1986, defendant filed a *pro se* post-conviction petition which was dismissed by the trial court on September 18, 1986, with findings that the petition was "patently without merit," pursuant to section 122—2.1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1).

Defendant appeals from the dismissal of his petition for post-conviction relief.

Defendant challenges the validity of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122–1 *et seq.*) on three grounds:

(1) that the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122–1 *et seq.*) violates the constitutional guarantees of due process of law because an indigent defendant can be denied assistance of counsel in drafting a post-conviction petition;

(2) that section 122–2.1 violates the doctrine of separation of powers because it conflicts with Supreme Court Rule 651(c) (107 Ill. 2d R. 651(c)), which governs appointment of counsel for indigents on appeal from the denial of a post-conviction petition;

(3) that section 122–2.1 is inseverable from section 122–8, since both sections were added to the Post-Conviction Hearing Act by Public Act 83–942, and since section 122–8 has been held unconstitutional by the Illinois Supreme Court in *People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E.2d 501, section 122–2.1 is also invalid.

■ These same arguments were rejected by the Illinois Supreme Court in a recent decision, *People v. Porter* (1988), 122 Ill. 2d 64, where the court held that the Post-Conviction Hearing Act does not violate due process or the doctrine of separation of powers and also that section 122–2.1 is severable from section 122–8, which was previously held unconstitutional. Since *People v. Porter* disposes of these issues, we need not discuss them further.

■ Defendant also contends that this cause should be remanded for further consideration because the post-conviction petition was not dismissed within 30 days of its filing as required by section 122–2.1(a) (Ill. Rev. Stat. 1985, ch. 38, par. 122–2.1(a)), which states as follows:

"Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision."

In the recent *People v. Porter* decision, the Illinois Supreme Court ruled that the 30-day provision of the statute is mandatory and that the trial court's noncompliance with the Act renders the dismissal void. Accordingly, we reverse the judgment of the circuit court and remand this cause with directions to order defendant's petition be

docketed for further consideration under sections 122—4 through 122—6 of the Code of Criminal Procedure.

Reversed and remanded with directions.

WOMBACHER and SCOTT, JJ., concur.